## DARIUS H. ROWELL *v.* TOWN OF VERSHIRE.

*Pauper. Parent liable for support of unemancipated child.*

1. A parent is obliged to support his unemancipated, insane, pauper child, after it reaches the age of legal majority, and cannot recover from the town for support actually furnished it under contract with the overseer of the poor, although he was a poor man with a large family and no means of maintaining himself except his labor, and although in furnishing such support he deprived himself and the remainder of his family of what was reasonably necessary to their proper maintenance.

2. Rowell v. Vershire, 62 Vt. 405, affirmed, and *held,* that no question is now presented by the exceptions which was not then raised and decided.

Assumpsit. Trial by jury at the December. term, 1890, Ross, J., presiding.

The plaintiff claimed to recover for the support of his insane daughter, Lemyra A., under a contract with the overseer of the poor of the defendant town. The case was first tried at the June term, 1888, when a verdict was rendered for the plaintiff. Upon exceptions in the Supreme Court, 62 Vt. 405, that judgment was reversed and the cause remanded. When the case came on for trial at the September term, 1890, the attorney for the plaintiff offered to prove certain facts. To this the defendant objected, and the court excluded the evidence, and directed a verdict and gave judgment for the defendant, to which the plaintiff excepted.

The offer of the plaintiff was as follows :

"The plaintiff offers to prove that George H. Rowell, overseer of the poor of the town of Vershire, contracted with the plaintiff in this suit (for and on behalf of said town,) to pay him for the support of Lemyra A. Rowell, daughter of plaintiff, as set forth in the declaration in this suit.

We also offer to prove that the plaintiff was not of sufficient pecuniary ability to support said Lemyra A.; that he was a poor man with a large family and not able to support his family; that he had received some money of said town and that with that money and the help of charity and such goods and provisions as he got trusted for on the strength of his contract with the over-seer he was able to take care of said Lemyra A.; that to do this his other children could not be clothed in a suitable manner to send them to school and they were thus deprived of the privilege of attending school and the plaintiff and his wife, as well as their other children, were insufficiently clothed and fed on account of his contract with said town to support said Lemyra A. That he has been and is unable to pay said bills for which he has been trusted and he is still liable and unable to pay lists of taxes that said town hold against him; that he was unwilling to become a pauper and throw himself upon the mercies of said town. That said town claimed the earnings of said minor children (during said time, and trusteed their employer to collect taxes of plaintiff and thus prevented plaintiff collecting the pay for the earnings of said minor children. That said town had paid him for the support of said Lemyra A. for several months during the con-tract set forth in said declaration. That said Lemyra A. was past the age of majority (18) when said contract was made and she was and had been from a child of weak mind and incapable of taking care of herself and incapable of exercising any choice in regard to her place of residence, and had always lived with the plaintiff as a part of his family and had never been eman-cipated."

*Roswell Farnham*, for the plaintiff.

The law properly continues in the parent the care and cus-tody of the insane child after the age of majority; but it should not compel the parent to support such child unless he has means which are reasonably adequate thereto. If in so doing he is obliged to deprive himself and the remainder of his family of what is necessary for their comfortable support, he is not within the law of *sufficient pecuniary ability* to maintain himself *and* this insane child, and should be entitled to assistance from the town. He should not be compelled to maintain such child unless he has means other than his own labor.

Rowell *v.* Vershire.

*J. K. Darling* and *J. H. Watson*, for the defendant.

The plaintiff was obliged to support his insane daughter although beyond the age of legal majority. *Rowell* v. *Vershire*, 62 Vt. 405; *Hardwick* v. *Paulet*, 36 Vt. 320; *Landgrove* v. *Plymouth*, 52 Vt. 503; *Newbury* v. *Brunswick*, 2 Vt. 151; *Gilmanton* v. *Sanborn*, 56 N. H. 336; *Croydon* v. *Sullivan*, 47 N. H. 179.

This being so, the promise of the overseer to pay him for doing what he was in law obliged to do without compensation would be *nudum pactum*, and not enforcible. *Cobb* v. *Cowdry*, 41 Vt. 25; Chitty Cont.,10 Am. Ed. 51; Smith Cont., 87, 88; 3 Kent Com. 185; *Smith* v. *Bartholomew, et al.*, 1 Met. 276; *Rix* v. *Adams & Trop*, 9 Vt. 233; *Fennel* v. *Scott*, 42 Am. Dec. 371; *Keith* v. *Miles*, 39 Miss. 442; *James* v. *Ashburnham*, 4 East 455; *Hawley* v. *Farrer*, 1 Vt. 420; *Barlow* v. *Smith et al.*, 4 Vt. 139; *Statesbury* v. *Smith*, 2 Burr. 294.

The opinion of the court was delivered by

THOMPSON, J.   This case has been in this court once before and is reported in 62 Vt. 405.   The opinion then delivered by Ross, J., covers all the questions of law raised by the present exceptions, and fully sustains the ruling of the County Court.

*Judgment affirmed.*